USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/10/23

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - X

ROLANDO DYKE,

                    Plaintiff,                    19 Civ. 11205 (LLS)

                                                  OPINION & ORDER

          - against -

BEST BUY STORES, L.P., BEST BUY
CO., INC., KELLERMEYER BERGENSONS
SERVICES LLC, and CS JANITORIAL
SERVICES INC.,

                    Defendants.
- - - - - - - - - - - - - - - - - X

     Plaintiff seeks damages for injuries he sustained when he

slipped and fell on a bathroom floor that was wet due to the

alleged negligence of defendants. Defendants, who operate and

maintain the building where the accident occurred, separately

move for summary judgment dismissing the amended complaint. For

the reasons that follow, defendants' motions are granted.

## Background

     On November 27, 2018, while plaintiff was visiting a Best

Buy store located at 1280 Lexington Avenue, New York, New York,

he slipped and fell in the store's bathroom. Dkt. No. 57 Ex. 1

(Defendant Best Buy's Rule 56.1 Statement) ¶¶ 1-2. To use the

bathroom, plaintiff had to wait in line for approximately five

minutes behind another patron, Mr. Munoz. Id. ¶¶ 53, 62-64.

Mr. Munoz testified in his deposition that the restroom was "inaccessible" because a "lady was cleaning the bathroom" and had "barricaded" the door with her cleaning cart, which was "absolutely" visible to anyone waiting outside the restroom. Id. ¶¶ 49-52. Mr. Munoz stated that when plaintiff joined the line, he explained that the bathroom was being cleaned. Id. ¶ 53. When he was unable to wait any longer, Mr. Munoz pushed past the cart and into the bathroom, where the porter was cleaning. Id. ¶ 56-57. When Mr. Munoz exited the restroom, plaintiff was still waiting. Id. ¶ 58.

Plaintiff next entered the restroom. As he did so, he testified in his deposition that he observed "a lady was there mopping the floor." Id. ¶ 3. After he entered the bathroom, the lady, who was in a janitor's uniform, exited. Id. ¶¶ 3-6. Surveillance camera footage of the hallway outside the restroom confirmed, showing a lady with a mop leaving the restroom shortly after plaintiff entered. Id. ¶¶ 64-66.

Inside the restroom, plaintiff smelled a strong odor of bleach. Id. ¶ 9. The bathroom was brightly lit and nothing obstructed plaintiff's view of the floor. Id. ¶¶ 11-13. Plaintiff walked to the urinal, relieved himself, turned towards the sinks, took approximately three steps, and slipped because the floor was wet. Id. ¶¶ 15, 17; Dkt. No. 70 ("Plaintiff's Rule

56.1 Statement") ¶¶ 9-10. Plaintiff fell landing on his elbow. Dkt. No. 70 ¶ 9.

From his fall, plaintiff dislocated and fractured his right elbow, specifically the distal humerus, proximal ulna, and radial head. Dkt. No. 70 ¶ 12. He received surgery on December 11, 2018. Id.

Defendant Best Buy owns and operates the store in which the fall occurred. Best Buy contracted with defendant Kellermeyer Bergensons Services LLC ("KBS") to provide janitorial cleaning services at the store where the accident occurred. Dkt. No. 57 Ex. 1 ¶ 70. KBS subcontracted with CS Janitorial Services ("CSJ") to provide the necessary cleaning services. Id. ¶ 71.

The porter, Ms. Beltran, who was seen mopping the restroom floor immediately before plaintiff's accident was an employee of CSJ. Id. ¶ 43, 44. She testified in her deposition that when she was mopping the floor of the subject restroom on the date of the accident, she placed her cleaning cart in the hallway in front of the bathroom door along with a "wet floor" sign. Id. ¶ 47.

Plaintiff commenced this action by filing suit in the Supreme Court of New York, County of Bronx, on July 26, 2019. Best Buy removed the action to the District Court for the Southern District of New York. Therein, plaintiff filed an Amended Complaint bringing a claim of negligence against Best

3

Buy, KBS, and CSJ. Defendants answered and brought a plethora of crossclaims against each other. Best Buy brought a crossclaim for negligence and indemnification against CSJ. Likewise, KBS brought crossclaims for contribution and indemnification against Best Buy and CSJ. Finally, CSJ brought a crossclaim for negligence, indemnification, and contribution against Best Buy and KBS.

As discovery has closed, each defendant now moves separately for summary judgment dismissing plaintiff's negligence claims or, in the alternative, for an order indemnifying them against their respective co-defendants.

## Legal Standards

"The court shall grant summary judgment if the movant shows," based upon the admissible evidence and pleadings, "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material if it "might affect the outcome of the suit under the governing law," and it is genuinely in dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "When deciding a summary judgment motion, a court must construe all the evidence in the

4

light most favorable to the nonmoving party ... and draw all
inferences and resolve all ambiguities in that party's favor."
Cartier, Inc. v. Sardell Jewelry, Inc., 294 Fed. Appx. 615, 617
(2d Cir. 2008).

   The moving party bears the initial burden of demonstrating
an absence of a genuine issue of material fact, Celotex Corp.,
477 U.S. at 323, and will satisfy this burden to "obtain summary
judgment by showing that little or no evidence may be found in
support of the nonmoving party's case," Gallo v. Prudential
Residential Servs., 22 F.3d 1219, 1223-24 (2d Cir. 1994). The
non-moving party, in his attempt to defeat the motion, "may not
rest upon the mere allegations or denials of his pleading but
must set forth specific facts showing that there is a genuine
issue for trial." Anderson, 477 U.S. at 248; see D'Amico v. City
of New York, 132 F.3d 145, 149 (2d Cir. 1998).

### Negligence

   Defendants argue that plaintiff cannot evidence a claim of
negligence. To prevail in a negligence action under New York
law, plaintiff must show, based on a preponderance of the
evidence, "'(1) a duty owed by the defendant to the plaintiff,
(2) a breach thereof, and (3) injury proximately resulting
therefrom.'" Lyman v. PetSmart, Inc., No. 16 CIV. 04627, 2018 WL
4538908, at *4 (S.D.N.Y. Sept. 21, 2018) (quoting Solomon by
Solomon v. City of N.Y., 499 N.Y.S.2d 392, 392 (1985)).

5

Defendants separately move for summary judgment dismissing the claim on various grounds, but they all, in slightly varying degrees, argue that they did not owe plaintiff a duty and, in the alternative, that plaintiff was aware of the allegedly dangerous condition and thus is solely responsible for his injuries. Dkt. Nos. 54; 56; 59.

Plaintiff alleges that defendants breached their duty of care by essentially allowing plaintiff to use the recently cleaned bathroom and "failing to warn the plaintiff of the hazardous condition," the wet floor. Dkt. No. 17 ("Amended Compl.") at 88. He contends that there were "no signs or warnings of any kind either inside or outside the restroom," that there "was no cleaning cart blocking or barricading the men's restroom," and that he "did not know" and "it was not obvious" that the men's bathroom was in the process of being cleaned prior to his entering. See (Plaintiff's 56.1 statement) ¶¶ 2, 3, 5, 8. At the same time, in his Opposition to defendants' motions for summary judgment, plaintiff argues that it should be left to the jury to determine what conclusion he drew about the condition of the bathroom floor from his surroundings, including the cleaning cart positioned near the bathroom entrance and the fact that the porter, who was carrying a mop, exited the bathroom at the same time plaintiff entered. Dkt. No. 67 at 8.

6

Even if plaintiff sufficiently established the duty and breach elements, plaintiff's negligence claim fails on the proximate cause prong because he is unable to prove that the absence of an express warning led to his fall. See Ramsey v. Mt. Vernon Bd. of Educ., 821 N.Y.S.2d 651 (2d Dept. 2006) (upholding dismissal of complaint where "plaintiff acknowledged that she saw the wet floor, was aware that it was being mopped immediately before walking across it, and was aware that this was a daily occurrence"); Sadler v. Moran Towing Corp., 204 F. Supp. 2d 695, 698 (S.D.N.Y. 2002) (finding "it is clear in this case that there was no causal connection between any failure to warn and plaintiffs injury" where plaintiff's deposition demonstrated that he was fully aware of the dangerous condition); Bombard v. Cent. Hudson Gas & Elec. Co., 614 N.Y.S.2d 577, 580 (3d Dept. 1994) (upholding dismissal of claim for failure to warn of a dangerous condition where plaintiff testified in his deposition that he was fully aware of the danger in advance). Plaintiff had actual knowledge that the floor had just been mopped and he entered the bathroom anyway.

The record in this case is undisputed as to the material facts. Indeed, in plaintiff's own deposition testimony he states he saw a "lady was inside mopping the bathroom" because "[a]s soon as [he] came in, she was on the way out." Dkt. No. 54 Ex. 15 at pp.22:22-23; pp.23:7-8; see also Id. at pp.28:17-18, 22-

23. He also smelled a strong odor of bleach as he was entering, which alerted him to the fact that the bathroom had just been cleaned. Id. at pp.22:13-14.

Although plaintiff states he did not have to wait in line to use the bathroom, Id. at pp.24:14-20, that nobody warned him about the condition of the bathroom floors, Id. at pp.27:15-18; pp.29: 4-6; pp.34:6-17, and that there was no wet floor signs or bathroom cleaning cart to alert him to the bathroom's cleaning, Id. at pp.32:2-5; pp.33:19-21, his statements are contradicted by all the remaining evidence on the record. Surveillance footage shows plaintiff waiting in line behind another patron, Mr. Munoz, to use the restroom. Dkt. No. 54. Ex. 22 at timestamp 16:22:25 to 16:25:12. Mr. Munoz testified in his deposition that he told plaintiff that the bathroom was being cleaned. Dkt. No. 54 Ex. 20 pp. 15:18-21; 16: 2-9. Mr. Munoz also testified to the fact that there was a cleaning cart in the bathroom entry, which after being told by the cleaning lady to not enter, he had to push aside to enter the bathroom. Id. at pp 14:7-13; pp.20:21-25; pp.21:2-10. His statements corroborate those of Ms. Beltran, the porter cleaning the bathroom, who testified that she placed a cart carrying the cleaning supplies right outside the bathroom door. Dkt. No. 54 Ex. 19 pp.56:9-25; pp.57:2-20. She also testified that she placed a yellow triangle-shaped warning sign

at the door of the bathroom. Dkt. No. 54 Ex. 19 pp.53:19-25; pp.54:2-25; pp.56:2-4.

Thus, on this record, no reasonable person could find that plaintiff did not know that the bathroom floor was wet. Accordingly, plaintiff is unable to establish a causal connection between defendants' failure to warn and his fall. Plaintiff's negligence claim is therefore dismissed. See Celotex Corp., 477 U.S. at 322 (summary judgment is proper against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial").

It is worth briefly noting that plaintiff does not show by a preponderance of the evidence that defendants owed him a duty. "While a landowner has a duty to maintain its premises in a reasonably safe condition, 'there is no duty to protect or warn against an open and obvious condition which, as a matter of law, is not inherently dangerous.'" Gerner v. Shop Rite of Uniondale, 50 N.Y.S.3d 459, 460 (2d Dept. 2017) (quoting Nesbitt v. Town of Poughkeepsie, 930 N.Y.S.2d 914 (2d Dept. 2011)). Mopping the floor is not an inherently dangerous activity. See Lawson v. OneSource Facility Services, 859 N.Y.S.2d 249, 250 (2nd Dept. 2008); Ramsey v. Mt. Vernon Bd. Of Education, 821 N.Y.S.2d 651, 652 (2nd Dept. 2006).

9

The record shows that it was open and obvious that the bathroom floor was wet. A condition is open and obvious if it is "readily observable by those employing the reasonable use of their senses." Sclafani v. Washington Mutual, 829 N.Y.S.2d 553 (2d Dept. 2007). As stated above, it was obvious to all present that the bathroom was being cleaned and that the floor would be wet. Specifically, plaintiff admitted to knowing that the floor was just mopped because he saw the porter exit the bathroom with a mop and smelled bleach in the bathroom. Plaintiff was also warned of the condition by another patron and by the placement of the bathroom cart and caution sign outside the bathroom entrance. There was nothing inside the bathroom to prevent him from ascertaining the conditions of the floor. Plaintiff himself stated in his deposition that the lights in the bathroom were bright and normal, Dkt. No. 54 Ex. 15 at pp.38:3-4, that he was able to see the bathroom floor, and that had nothing obstructing his path, Id. at pp.71:10-17. Plaintiff has failed to raise a triable issue of fact over whether the bathroom floors being wet was open and obvious.

### Conclusion

Because plaintiff has failed to establish a prima facie claim for negligence against defendants, defendants' motions for Summary Judgment dismissing the complaint, with prejudice, is granted.

So Ordered.

Dated:  New York, New York
        March 10, 2023

                                        _Louis L. Stanton_
                                        LOUIS L. STANTON
                                            U.S.D.J.